ANNEX A

## TITLE 207.  JUDICIAL CONDUCT

## PART II.  CONDUCT STANDARDS

## CHAPTER 33.  CODE OF JUDICIAL CONDUCT

### Subchapter A.  CANONS

* * * * * * *

**Canon 3.  A judge shall conduct the judge's personal and extrajudicial activities to minimize the risk of conflict with the obligations of judicial office.**

* * * * * * *

**Rule 3.11.  Financial activities.**

* * * * * * *

**Comment:**

* * * * * * *

(3)      Pursuant to **the authority granted by Article V, Section 10 of the Pennsylvania Constitution, the Supreme Court adopted the Code of Judicial Conduct as the exclusive means of regulating conduct of judges under the supervision of the Supreme Court.  Disqualification from proceedings as necessary is the most appropriate means of ensuring judicial integrity and impartiality in proceedings, including, but not limited to, those arising from the Pennsylvania Race Horse Development and Gaming Act (4 Pa.C.S. § 1101 *et seq.*) and the Medical Marijuana Act (35 P.S. § 10231.101 *et seq.*).**

**Additionally, the Supreme Court on June 1, 2006, issued** Order No. 231, Magisterial Docket No. 1 **[(June 1, 2006)]**, **which provides that** no judge shall have a financial interest, as defined by Section **[1512(B)] 1512(b)** of the Pennsylvania Race Horse Development and Gaming Act (4 Pa.C.S. § **[1101 *et seq.*] 1512(b)**), in or be employed, directly or indirectly, by any licensed racing entity or licensed gaming entity, or any holding, affiliate, intermediary or subsidiary company thereof or **by** any such applicant, or engage in the active ownership or participate in the management of any such entities and related companies.

**Also, on February 11, 2020, the Supreme Court issued an Order, at No. 530 Judicial Administration Docket, providing that no judge shall have**

**a financial interest, as defined by Section 2101.1(e) of the Medical Marijuana Act (35 P.S. § 10231.2101.1(e)), in or be employed, directly or indirectly, by a medical marijuana organization, or by any holding, affiliate, intermediary or subsidiary company thereof.**

**Both Orders define** [The] **the** term "judge" [shall] **to** include justices, judges of the Superior Court, judges of the Commonwealth Court, judges of the Courts of Common Pleas and judges of the Philadelphia Municipal Court, but [shall] not **to** include lawyers and non-lawyers performing judicial functions, including but not limited to masters and arbitrators, for the Unified Judicial System.

**Rule 2.11 of the Code of Judicial Conduct continues to govern the disqualification of judges where the interest in or relationship with a licensed racing, a licensed gaming entity, a related company thereto, or an applicant therefor, of the judge or a family member is at issue. Similarly, Rule 2.11 continues to govern the disqualification of judges where the interest in or relationship to a medical marijuana organization, or any holding company, affiliate, intermediary or subsidiary thereof, of the judge or a family member is at issue.**

\* \* \* \* \* \* \*

## CHAPTER 51. STANDARDS OF CONDUCT OF MAGISTERIAL DISTRICT JUDGES

### PENNSYLVANIA RULES FOR MAGISTERIAL DISTRICT JUDGES

\* \* \* \* \* \* \*

**Canon 3. A magisterial district judge shall conduct the magisterial district judge's personal and extrajudicial activities to minimize the risk of conflict with the obligations of judicial office.**

\* \* \* \* \* \* \*

**Rule 3.11. Financial Activities.**

\* \* \* \* \* \* \*

**Comment:**

\* \* \* \* \* \* \*

(3)     Pursuant to the authority granted by Article V, Section 10 of the Pennsylvania Constitution, the Supreme Court adopted the Rules Governing Standards of Conduct of Magisterial District Judges as the exclusive means of

regulating the conduct of magisterial district judges under the supervision of the Supreme Court. Disqualification from proceedings is the most appropriate means of ensuring judicial integrity and impartiality in proceedings, including, but not limited to, those arising from the Pennsylvania Race Horse Development and Gaming Act (4 Pa.C.S.**[A.]** § 1101 *et seq.*) **and the Medical Marijuana Act (35 P.S. § 10231.101 *et seq.*)**.

**Additionally, the Supreme Court on June 1, 2006, issued Order No. 231, Magisterial Docket No. 1, which provides that** [No] **no** magisterial district judge shall have a financial interest, as defined by Section **[1512(B)] 1512(b)** of the Pennsylvania Race Horse Development and Gaming Act (4 Pa.C.S.**[A.] § [1101 *et seq.*] 1512(b)**)), in or be employed, directly or indirectly, by any licensed racing entity or licensed gaming entity, or **by** any holding, affiliate, intermediary or subsidiary company thereof or any such applicant, or engage in the active ownership or participate in the management of any such entities and related companies.

**Also, on February 11, 2020, the Supreme Court issued an Order, at No. 530 Judicial Administration Docket, providing that no magisterial district judge shall have a financial interest, as defined by Section 2101.1(e) of the Medical Marijuana Act (35 P.S. § 10231.2101.1(e)), in or be employed, directly or indirectly, by a medical marijuana organization, or by any holding company, affiliate, intermediary or subsidiary thereof.**

Rule 2.11 of these Conduct Rules continues to govern the disqualification of magisterial district judges where the interest in or relationship with a licensed racing or licensed gaming entity or related company thereto, or any such applicant therefor, of the magisterial district judge or a family member is at issue. **Similarly, Rule 2.11 continues to govern the disqualification of magisterial district judges where the interest in or relationship to a medical marijuana organization, or any holding company, affiliate, intermediary or subsidiary thereof, of the magisterial district judge or a family member is at issue.**